STATE OF CONNECTICUT *v.* JOSEPH DUBE
(11408)

LAVERY, HEIMAN and SPEAR, Js.

Argued December 8, 1993—decision released February 8, 1994

*Richard M. Marano,* with whom was *Gena M. Iannucci,* for the appellant (defendant).

*David J. Sheldon,* deputy assistant state's attorney, with whom, on the brief, was *John M. Bailey,* chief state's attorney, and *Stephen Preleski,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant, Joseph Dube, appeals from the judgment of conviction of attempt to commit assault in the first degree, two counts of attempt to

commit assault in the second degree, robbery in the first degree, conspiracy to commit robbery in the first degree and carrying a pistol without a permit.[1] The defendant's sole claim on appeal is that the trial court improperly admitted evidence of prior uncharged misconduct. We affirm the judgment of the trial court.

This case arose from a robbery of The Corner Store in Bristol on February 19, 1991. The jury could reasonably have found the following facts. The store owner, Dorothy Church, and her landlord, Jennie Chawoneck, were both working in the store at approximately 7 a.m. Church had just finished placing the store's receipts in a deposit bag and had left them on the deli counter, when the defendant entered the store, carrying a gun. Church knew the defendant well because he had worked for her in the past. In fact, she had banned him from the store after he admitted stealing approximately $100 in quarters. The defendant shot Church as she dialed 911; next he shot Chawoneck. He then mistakenly grabbed a bag of grinder rolls sitting near where Church had placed the deposit bag and fled. The defendant returned after realizing his error, again shot Chawoneck, and fled with the deposit bag.

At trial, the state offered the testimony of various witnesses regarding the defendant's prior theft from Church's store. At least two years before the robbery, the defendant admitted stealing ten rolls of quarters from the store when the clerk was absent. The trial court admitted the evidence over the defendant's objection for the limited purpose of identification. Each time the incident was referred to, the trial court instructed the jury that the evidence was to be used solely for the purpose of identification. The court reiterated this limitation during the charge.

---

[1] The defendant was acquitted of stealing a firearm.

Generally, evidence of guilt of other crimes or misconduct is inadmissible due to its prejudicial nature. *State* v. *Baldwin,* 224 Conn. 347, 354, 618 A.2d 513 (1993). Such evidence is admissible, however, where it is particularly probative of intent, identity, malice, motive or a system of criminal activity. Id. The trial court must determine in the exercise of judicial discretion that its probative value outweighs its prejudicial tendency. Id. Reversal is required only in a case of abuse of discretion or manifest injustice. Id., 354–55.

In this case, the state introduced the testimony about the defendant's prior theft to prove identification. The defendant claimed that he was not the man who robbed the store and shot the women. The state sought to establish the basis on which Church identified the defendant. Church's prior experience with the defendant left a strong impression on her and enabled her to recognize him when he entered the store more than two years later. The trial court found that Church claimed to have observed the defendant enter the store and immediately recalled his prior theft, which was relevant to and probative of Church's ability to identify the defendant.

Once prior misconduct evidence has been found relevant, the trial court must exercise judicial discretion to determine whether its probative value outweighs its prejudicial tendency. Id., 354. "Evidence is prejudicial 'when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.' " Id., 357, quoting *United States* v. *Figueroa,* 618 F.2d 934, 943 (2d Cir. 1980). The trial court's discretion to admit prior misconduct evidence must be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. *State* v. *Baldwin,* supra. Here again, reversal is

appropriate only upon abuse of discretion or manifest injustice. Id., 354–55.

The record reflects that the evidence of the defendant's prior theft was not prejudicial. The two crimes were distant in time and dissimilar in character: the violent robbery of which the defendant was convicted occurred at least two years after the first theft, which involved no violence or weapons. Further, the nature of the earlier theft, ten rolls of quarters stolen while the clerk was absent, was unlikely to inflame the passions of the jury. Finally, the evidence of the prior theft was introduced solely for the purposes of identification, and the court gave specific limiting instructions each time the evidence was introduced and in its final charge.

Accordingly, we conclude that the trial court did not abuse its discretion in determining that the probative value of the testimony outweighed any prejudicial effect it might have had on the jury.

The judgment is affirmed.

In this opinion the other judges concurred.